IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILIP W. GREEN, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| VS. | } | CIVIL ACTION NO. H-06-833 |
| | } | |
| SERVICE CORPORATION INTERNATIONAL, | } } | |
| | } | |
| Defendant. | } | |

**OPINION & ORDER CONFIRMING ARBITRATION AWARD**

Pending before the court in this employment dispute are Plaintiff Philip W. Green's ("Green's") motion to vacate the arbitration award (Doc. 52) and Defendant Service Corporation International's ("SCI's") response and motion to confirm the arbitration award (Doc. 53). For the reasons that follow, the court DENIES Green's motion to vacate and GRANTS SCI's motion to confirm.

**I.     Background & Relevant Facts**

In March of 2001, Green executed SCI's Principles of Employment and Arbitration Procedures, agreeing to arbitrate all disputes relating to his employment. The agreement states, in relevant part, as follows:

> Employee and the Company agree that . . . all disputes relating to any aspect of Employee's employment with the Company shall be resolved by binding arbitration. This includes, but is not limited to, any claims against the Company, its affiliates or their respective officers, directors, employees, or agents for breach of contract, wrongful discharge, discrimination, harassment, defamation, misrepresentation, and emotional distress, as well as any disputes pertaining to the meaning or effect of this Agreement.

(Arbitration Agreement at 1, Doc. 53 Ex. 13).

1

On March 13, 2006, Green filed the current lawsuit against SCI, claiming that he had been wrongfully discharged in violation of the whistleblower provision of the Sarbanes-Oxley Act if 2002, 18 U.S.C. § 1514A.  (*See* Pl.'s Compl., Doc. 1).  SCI filed a motion to compel arbitration, which Green opposed on two grounds: first, he argued that SCI had allegedly waived its right to compel arbitration by defending itself in an administrative proceeding through the Department of Labor; second, he claimed that the arbitration agreement did not apply in this case because the agreement did not specifically identify SCI as the "Company" with whom Green agreed to arbitrate employment disputes.

The court disagreed with both of Green's contentions. (*See* Order Compelling Arbitration, dated June 30, 2006, Doc. 15).  As to Green's first argument, the court held that SCI did not waive its right to arbitrate the employment disagreement by invoking the administrative process though the process may have been similar to the judicial process.   (*See id.* at 2-3) (relying primarily on *Brennan v. King*, 139 F.3d 258 (1st Cir. 1998)).  With respect to Green's second argument, the court found that the agreement specifically identified SCI on its cover such that the court could infer that the arbitration agreement referred to SCI.  (*Id.* at 3).

Green filed a motion for reconsideration, which raised two objections: (1) that no contract existed compelling arbitration of Green's claims against SCI; and (2) that the court misinterpreted *Brennan v. King*.  The court again disagreed.  (*See* Order Denying Motion to Reconsider, dated August 17, 2006, Doc. 29).  Particularly relevant is the court's findings regarding the contract:

> Green rests his argument that no contract exists on the fact that the arbitration agreement that he signed fails to identify, explicitly, the other party to be bound by the contract.  The space in which that party should have been identified is blank.  Green cites no authority suggesting that such an omission renders the contract void.  The context of the agreement makes clear which party is

> bound: the party employing Green. No other interpretation of the omission is possible. Green knows who employed him and knows that his employer was an affiliate of SCI. Green's complaint alleged that he was employed by SCI. SCI's answer denied this allegation and states that a subsidiary of SCI, SCI Funeral and Cemetery Purchasing Cooperative, Inc. employed Green.
>
> The arbitration agreement itself compels Green to arbitrate any disputes not only with his employer, but also with any of the employer's affiliates. SCI, the Defendant, is an affiliate of Green's employer, SCI Funeral and Cemetery Purchasing Cooperative, Inc. More importantly, no portion of the court file suggests that Green was not employed by an affiliate of SCI. Thus, no matter who employed Green, he is bound to arbitrate a dispute with SCI.

(*Id.* at 1-2) (internal citations to the record omitted). As such, the court granted SCI's motion to enforce the Order Compelling Arbitration and ordered Green to either (1) begin the arbitration process pursuant to the terms of the March 6, 2001, arbitration agreement, or (2) face dismissal with prejudice of his claims against SCI. (*See* Order, dated August 18, 2006, Doc. 30). Green immediately filed an appeal of the court's June 30, 2006, and August 18, 2006, Orders with the Fifth Circuit.

On December 14, 2006, an arbitration panel convened pursuant to this court's August 18, 2006, Order. (*See* Order, Doc. 53 Ex. 3). Three arbitrators were chosen in accordance with the procedures outlined in the arbitration agreement: Green selected Patrick M. Flynn, SCI selected A. Martin Wickliff, and Mr. Flynn and Mr. Wickliff selected Richard R Carlson. (*See id.*). Mr. Flynn and Mr. Wickliff are both practicing attorneys in Houston, Texas, and are board certified in Labor & Employment law by the Texas Board of Legal Specialization. Professor Carlson is a professor of labor law, employment law, and contract law at South Texas College of Law. Hereinafter, the court shall refer to Mr. Flynn, Mr. Wickliff, and Professor Carlson as the "Arbitrators."

Shortly after the panel convened, Green filed a special appearance and a motion to dismiss in which he argued, *inter alia*, that the Arbitrators lacked jurisdiction to hear the case because no binding arbitration agreement existed for his claims against SCI. (Special Appearance of Philip W. Green and Motion to Dismiss, December 21, 2006, Doc. 53 Ex. 6). The Arbitrators rejected Green's argument and held, in pertinent part, as follows:

> The district court's order compels the parties to arbitrate, and it resolves the issue whether Mr. Green's claim against SCI is subject to arbitration. It is expected that the Fifth Circuit may issue a further decision in this regard. However, subject to further action by the Fifth Circuit, the arbitration of Mr. Green's claim against SCI shall proceed.

(Arbitrators' Letter Ruling, dated February 27, 2006, Doc. 53 Ex. 7).[1]

In June of 2007, a five-day arbitration proceeding was held in this matter. Although participating in the arbitration, Green continued to deny the panel's jurisdiction to hear the case.

On October 29, 2007, the Arbitrators issued an award ("Arbitrators' Award") finding that SCI did not violate the Sarbanes-Oxley Act or certain other common law torts in discharging Green. (*See* Arbitrators' Award at 26, Doc. 53 Ex. 2). With respect to jurisdiction, the Arbitrators found that they were bound by this court's determination that the arbitration agreement signed by Green was binding as to his dispute with SCI. (*Id.* at 11-13). Moreover, the Arbitrators independently agreed, on similar grounds, with this court's determination that the arbitration agreement signed by Green applied to his claim against SCI. (*Id.* at 13-14). The Arbitrators found that (1) if they were confined to the four corners of the arbitration agreement, the only corporate entity identified in the agreement is SCI; and (2) that even if "Company"

---

[1] On May 30, 2007, pursuant to 9 U.S.C. § 16(b), the Fifth Circuit dismissed Green's appeal for lack of jurisdiction as this court expressly denied Green's request that the case be dismissed rather than stayed. *Green v. Service Corp. Int'l*, No. 06-20732 (5th Cir. May 30, 2007) (unpublished).

referred to Green's nominal employer and not SCI, the agreement still applied to Green's claims against SCI because the agreement expressly applies to claims against either the "Company" *or* "its affiliates" and no dispute existed that Green's nominal employer was an affiliate of SCI. (*Id.*).

After the Arbitrators' Award issued, Green filed a request to modify the award based, in part, on his contention that the arbitration agreement did not apply to his claims against SCI. (Request to Modify the Award, dated November 8, 2007, Doc. 53 Ex. 11). The Arbitrators denied Green's request in its entirety. (Arbitrators' Letter Ruling, dated November 12, 2007, Doc. 53 Ex. 12).

On January 25, 2008, Green filed his motion to vacate the Arbitration Award on the basis that the Arbitrators exceeded their authority in following this court's orders compelling arbitration and in independently determining that the arbitration agreement applied to his claims against SCI. SCI filed its response and motion to confirm, arguing that the Arbitrators acted completely within their powers and the Arbitrators' Award should be confirmed.

## II.     Standard of Review

Courts in the Fifth Circuit accord extraordinary deference to arbitration decisions. *See Sarofim v. Trust Co.*, 440 F.3d 213, 216 (5th Cir. 2006). "If an award if rationally inferable from the facts before the arbitrator, the award must be affirmed." *Kergosian v. Ocean Energy Inc.*, 390 F.3d 346, 353 (5th Cir. 2004) (citing *Antwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410, 412 (5th Cir. 1990)). The Fifth Circuit recognizes only six narrow bases upon which an arbitration award may be vacated: four statutory and two non-statutory. The four statutory bases under the Federal Arbitration Act ("FAA") include:

> (1) where the award was procured by corruption, fraud, or undue means;

>  (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
>  (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>  (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4). Additionally, an award should be vacated if it displays manifest disregard for the law or is contrary to public policy. *Kergosian*, 390 F.3d at 353. The burden of proof is on the party moving to vacate an arbitration award. *Lummus Global Amazonas, S.A. v. Aguaytia Energy Del Peru, S.R. Ltda.*, 256 F. Supp. 2d 594, 604 (S.D. Tex. 2002) (citing *Spector v. Torenberg*, 852 F. Supp. 201, 206 (S.D.N.Y. 1994)).

### III. Discussion

Green does not challenge the merits of the Arbitrators' ruling. Rather, he contends that this court erred in compelling Green to arbitrate his claims against SCI and that the Arbitrators exceeded their powers under section 10(a)(4) by following this court's orders. Neither argument has merit because (1) as the court has already determined, the arbitration agreement applies to Green's dispute with SCI; and (2) the Arbitrators did not exceed their powers in either following this court's orders or by determining that the arbitration agreement applied to Green's dispute with SCI.

  1. Green expressly agreed to arbitrate any employment disputes with SCI.

The court has twice ruled that the arbitration agreement in this case applies to Green's claims against SCI. Assuming the merits of the arbitrability issue have not been foreclosed by the court's previous determinations, the court remains unconvinced by Green's

arguments that SCI is not a party to the arbitration agreement. SCI's logo is affixed to the title page and is the only corporate entity specifically identified. More importantly, however, Green does not dispute that SCI is affiliated with his nominal employer and is a direct beneficiary of the agreement at issue. The arbitration agreement specifically requires that Green arbitrate "*all* disputes related to *any* aspect of [his] employment with the Company[,]" and "[t]his include[s], but is not limited to, any claims against the Company, *its affiliates* or their respective officers, directors, employees, or agents . . ." (Arbitration Agreement at 1, Doc. 53 Ex. 13) (emphasis added). The arbitration agreement clearly applies to Green's claims against SCI in this case.

        2.        The Arbitrators did not exceed their powers.

First, the Arbitrators did not exceed their powers by following this court's orders compelling arbitration. The Arbitrators were expressly authorized by this court's orders to arbitrate Green's claims against SCI. Green fails to cite any authority for his contention that arbitrators exceed their powers in following a district court's orders compelling arbitration. Vacatur of the Arbitrators' Award on this basis is, therefore, unwarranted.

Second, the arbitrators did not exceed their powers by independently considering the issue of arbitrability and concluding that Green was required to arbitrate his claims against SCI. Arbitrators "excee[d] their powers," under section 10(a)(4) when they render decisions not drawn from the essence of the agreements before them. This "essence test" has been described as "rather metaphysical." *Executone Inf. Sys. v. Davis*, 26 F.3d 1314, 1324 (5th Cir. 1994). Under the essence test, an arbitration decision will not be vacated if it is "rationally inferable" from the agreement between the parties and the facts presented to the arbitrators. *Brabham v. A.G. Edwards & Sons*, 376 F.3d 377, 384 (5th Cir. 2004). Here, the Arbitrators' construction of the arbitration agreement is, at the very least, rationally inferable from the agreement. The broad

7

language relating to the arbitrability of claims not only against the "Company" but also any affiliates" provides a rational basis for concluding that the arbitration agreement applied under the undisputed facts in this case. That Green ultimately disagrees with the Arbitrators' interpretation, as well as this court's interpretation, of the agreement does not provide an adequate basis for finding that the Arbitrators' exceeded their powers in determining that the arbitration agreement applied to Green's claims against SCI.

**IV.    Conclusion**

As Green has not identified any applicable statutory or non-statutory basis for vacating the Arbitrators' Award in this case, the Award must be confirmed. Accordingly, and for the reasons explained above, it is hereby

ORDERED that Plaintiff Green's Motion to Vacate the Arbitration Award (Doc. 52) is DENIED;

ORDERED that Defendant Service Corporation International's Response in Opposition to Plaintiff Green's Motion to Vacate the Arbitration Award and Defendant's Motion to Confirm the Arbitration Award (Doc. 53) is GRANTED; and it is further

ORDERED that the Arbitration Award, dated October 29, 2007, is hereby CONFIRMED.

SIGNED at Houston, Texas, this 25th day of August, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE